Smith, J.,
. . delivered the opinion.of the court. Gkimke, J., did not hear the argument. The replication is clearly double ; and the judgment of the District Court -was correct. The right to be derived from the treaties with Great Britain, cannot be connected with the right the plaintiff may be entitled to, under the act of our State legislature. The estate in question was .confiscated, or it was not. If it was not confiscated, the plaintiff’s father might, under the treaty, although an alien, devise it to his son, which it seems he did so. If this devise can be supported by the facts alleged on this ground, the act of assembly of 1801 must be out of the question. If the land in question was confiscated, and sold, as the act of 1801 states it was, then the treaties can have no bearing on the case; for the confiscation and sale were long prior to the treaty of 1794, and the treaty of 1783 did not bind the States, individually, to desist from confiscation. It only bound the congress of the United Státes to recommend such a measure, which was done. The replication, then, appears to present two distinct grounds of avoidance of the plea of alienage, totally independent of each other. It is, therefore, obnoxious to this demurrer for duplicity. The conclu. sion of the plea of alienage appears to be right. It gave the plaintiff an opportunity of replying new matter in avoidance, without directly denying the fact of alienage.
Motion rejected.
Goodwin, after the opinion of the court was declared, moved for leave to amend his replication, on payment of costs, which was opposed by Staek., who contended, that this court would not entertain an original motion ; and cited 5 Com. Dig. 487. 2 Wils. 173. Barnes. But the court granted the leave prayed for. It was con. sidered as a power necessarily involved in the power of deciding on the matter submitted ; and this court may grant or refuse a motion conditionally, as justice may require.